ROBERT KINNIER

*vs.*

J. R. M. ADAMS, Inc.

J. R. M. ADAMS, Inc.,

*vs.*

ALBERT A. BRAGER et al.

*Landlord and Tenant—Bursting of Water Pipe—Liability for Damage.*

The owner of a building *held* liable for damage to the goods of a tenant of one of the floors, caused by the bursting of a water pipe on an upper floor leased by such owner to another person.                                        pp. 308, 309

The lessee of a floor in a warehouse was not liable for damage, caused by the bursting of a water pipe on such floor as a result of freezing, to goods on a lower floor leased to another person, a provision, in the lease of the floor on which the bursting occurred, that the lessee and not the lessor should be responsible for the pipes, having been cancelled before the lease was executed.                                        pp. 308, 309

*Decided January 10th, 1923.*

Appeals from the Superior Court of Baltimore City (HEUISLER, J.).

Action by J. R. M. Adams, Inc., against Robert Kinnier, and against Albert A. Brager and A. Stanley Brager, copartners, trading as Brager of Baltimore. From a judgment in favor of plaintiff against defendant Kinnier, the latter appeals; and from a judgment in favor of defendants Brager, plaintiff appeals. Both judgments affirmed.

The causes were argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Arthur R. Padgett,* with whom were *Harry B. Wolf* and *Derlin A. McKindless* on the brief, for Robert Kinnier.

*William P. Lyons* and *Edward Gernand Wright,* for J. R. M. Adams, Inc.

*Malcolm H. Lauchheimer,* with whom was *Randolph Barton, Jr.,* on the brief, for Albert A. Brager and A. Stanley Brager.

STOCKBRIDGE, J., delivered the opinion of the Court.

The appeal in the first case was by Kinnier; in the second case by J. R. M. Adams, Inc. The facts in each case being the same, it will be simpler to treat them as constituting but a single appeal.

In November, 1920, J. R. M. Adams, Inc., leased from Robert Kinnier the first floor and cellar of the premises, 121 N. Green Street, in the City of Baltimore. Prior to that time "Brager of Baltimore" had leased for its own storage purposes the second floor of the same premises. The month of January, 1921, had quite an amount of cold weather in it, with the result that the pipe which conveyed the water from the cellar to the floors above (four of them) burst as a result of a freezing on the night between January 21st and January 22nd, and on the 22nd, as the result of the bursted pipe, water came out on to the second floor, which was occupied by Brager for the storage of furniture, then down through the ceiling to the first floor, which had been leased by Adams, Inc., and then on into the cellar, where it rose to a height of from six to eight inches.

The goods upon the first floor and in the cellar stored there by Adams were various descriptions of hardware, which was much injured, and the deterioration thus caused resulted in a serious loss to Adams, Inc., which, as promptly as possible,

removed its goods and did everything in its power to minimize the loss, which may nevertheless amount to something over $1,300. It was to recover for the loss thus sustained that suit was brought by Adams, Inc., both against Kinnier, the landlord, and Brager, the tenant of the second floor, which resulted in a verdict in favor of the defendant Brager, and in favor of the plaintiff Adams, Inc., as against Kinnier, the landlord, for the sum of $1,380.

Appeals from the rulings of the court both upon questions of evidence and upon the action of the court upon the prayers by various of the parties to the suit, explain the fact of the appearance of two cases upon the docket of this Court, both arising out of the same facts. It does not seem necessary to review in detail each separate ruling of the court upon questions of evidence. One of these was to the method of proof of the damages resulting to Adams, Inc., and which was subsequently in the evidence before the jury from a different source without objection. It will be sufficient for a disposition of these cases to have clearly in mind the rules of law applicable thereto, together with reference to one or two additional facts not yet alluded to. See 16 *R. C. L.,* title "Landlord and Tenant," par. 165, and pp. 557, 562 and 563, but under such facts as this case presents the general principles are nowhere better stated than in *Tiffany on Landlord and Tenant,* volume 1, pp. 641 to 646, where it is said: "The landlord is liable for injuries to a tenant, as to any other person rightfully on the premises, caused by the former's neglect to remedy defects in, or by his improper management of, appliances of which he retains control. Accordingly he has been held liable for injuries caused by leakage from water pipes or other plumbing attachments in his control, or by overflow from such attachments, for injuries from defects in, or unskillful management of, a heating apparatus, an elevator for carrying freight or passengers, a dumbwaiter, and machinery transmitting power.

"Since the landlord is under an obligation to exercise diligence to keep appliances under his control in proper repair,

he cannot rid himself of the obligation by delegating the task to an independent contractor. It has been said that he is liable for the negligence of the contractor in such case as if it were his own. But it may be questioned whether the landlord is under an obligation to do more than use reasonable diligence to see that the appliances are not left by the contractor in such a condition as to injure the tenant, since, as regards anything beyond his legal duty he is entitled to assert the intervention of an independent contractor. * * *

"Occasionally there is an express provision in the lease affecting the landlord's liability for the flooding of the leased premises. A provision that the lessors are not liable for damage caused by the leakage or bursting of water pipes was held to apply to damage caused by the bursting of water pipes in a part of the building not leased, this clause being, in view of other clauses, superfluous if construed as applying only to leakage or bursting on the demised premises."

While the adjudicated principles which must control in this case have not been specifically passed upon by this Court, they have been considered and will be found to underlie such cases in this State as *Beck* v. *Hanline,* 122 Md. 68, 76.

"And it is also further agreed that the said tenant is to take care of water and gas pipes as the said landlord cannot be held responsible for any damage that might occur." This written covenant, which was apparently placed there at the instance and by the direction of Mr. Kinnier as landlord, was stricken out by having a pen line drawn through it. Mr. Kinnier does not attempt to say by whom or when this erasure was made, but, from the evidence as a whole, the reasonable deduction is that, after Mr. Kinnier had had the provision inserted there in hand writing, it was stricken out by whoever represented Brager before the time of his signature of the same, and that when returned to Mr. Kinnier these lines formed no part of the lease. It is therefore clear that Brager as tenant was under no duty to take care of the water pipes in the building even if they had not been, so far as all shut-offs were concerned, more directly in the control of the

Adams company, and apparently, since the lease to the Adams company was entirely verbal, there was no direct duty imposed upon, or agreement undertaken by, that company, to look after and care for the condition of the water pipes; certainly not as they existed upon floors other than those rented by the Adams company. The leakage, it is shown, did not occur either in the cellar or on the first floor, but entirely upon the second floor, where Brager was the tenant, and a rule, which might be perfectly sound, implying a duty upon a tenant under a verbal agreement when the leased premises were the entire building occupied by the tenant, would fail of applicability where different floors of the building were let to different tenants.

The various prayers offered upon the part of Kinnier, as landlord, all sought to have the case removed from the consideration of the jury by directing a verdict for him as one of the defendants, and the court was entirely correct under the circumstances of this case in rejecting these several prayers. While, as regards the plaintiff's prayer, there was evidence from which the jury could find a verdict, certainly as against Kinnier, with regard to Brager the situation was somewhat different. As we have already seen in the extract quoted from the Brager lease, the Bragers had absolved themselves, fortunately, from taking any care as to water or gas pipes. In this contention the ruling of the court upon the prayers was entirely correct and should be affirmed. The original appeal was taken by Kinnier; the second appeal by Adams, Inc., as against Brager. In view of what has been said as to the facts of this particular case, and the general principles applicable to the relation of landlord and tenant under tenancies, whether created orally or in writing, the judgment in each case must be affirmed.

*Judgments in Nos. 80 and 81 affirmed, the appellant in each appeal to pay the costs.*